UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LOREEN LISLE,
    Appellant,

  v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
DC-0752-21-0329-I-1

DATE: April 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Loreen Lisle, Lorton, Virginia, pro se.

Heather Herbert, Jack W. Rickert, and Nieva M. S. Brock, Springfield, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant references various alleged conclusory errors such as asserting that the initial decision was "made without the required documentations and evidence," "the laws were erroneously applied," and the government attorney "wrongfully influenced a fair and just process." Petition for Review (PFR) File, Tab 1 at 2-3. We find such conclusory allegations insufficient to meet the Board's criteria for review.[2] *See* 5 C.F.R. § 1201.115. The appellant also reargues the facts of her case and reiterates her claims of discrimination. PFR File, Tab 1 at 5-14. For example, she asserts that she was harassed and forced to endure a hostile work environment for over 5 years, she was under duress and medically unable to perform the fiduciary duties of a contracting officer due to the hostile work environment, the agency discriminated and retaliated against her and denied her a reasonable accommodation in the form

---

[2] The appellant also asserts that she "was directed to keep her comments at a high level" and "instructed not to use any supporting documentations or notes." PFR File, Tab 1 at 2. We find that such conclusory assertions fail to establish an abuse of discretion by the administrative judge because the appellant has not shown that the administrative judge disallowed any relevant testimony. *See Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015) (recognizing that an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious and that to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show that relevant evidence, which could have affected the outcome, was disallowed).

of a reassignment to a different position, denied her request to participate in the advantage fitness program that could have helped her alleviate stress, issued her unwarranted and unjust evaluations, and treated Caucasian employees more favorably regarding assignments, pay, and promotions.[3]  *Id.* at 5-6, 8-10. However, the administrative judge properly considered and rejected such claims in her analysis of the appellant's affirmative defenses, and the appellant's mere disagreement does not provide a basis for reversal.[4]  Initial Appeal File, Tab 100, Initial Decision (ID) at 39-49; *see, e.g., Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge also considered and rejected the appellant's additional assertions on review.  The appellant reiterates her argument that the agency improperly required her to accept program management responsibilities, contracting officer responsibilities, and property management responsibilities and that such directives amounted to a conflict of interest.  PFR File, Tab 1 at 9. However, the administrative judge considered and rejected the appellant's

---

[3] The appellant also summarizes her participation in the equal employment opportunity (EEO) process.  PFR File, Tab 1 at 10-13.  However, the administrative judge found that the appellant established that she engaged in EEO activity beginning in 2016, and including complaints throughout 2018, 2019, and 2020.  Initial Appeal File, Tab 100, Initial Decision (ID) at 41.

[4] After the issuance of the initial decision, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, in which it clarified the burdens of proof that apply to claims of discrimination and reprisal.  We have considered whether the holdings in *Pridgen* affect the administrative judge's analysis of the appellant's affirmative defenses and conclude that they do not.  In *Pridgen*, the Board held that claims of reprisal for engaging in disability-based EEO activity are subject to the "but-for" causation standard.  *Pridgen*, 2022 MSPB 31, ¶¶ 44-47.  To the extent the appellant alleged disability-based EEO reprisal, any error by the administrative judge in applying a motivating factor causation standard does not affect the outcome because the administrative judge found that the appellant failed to meet her burden under the lower motivating factor causation standard.  ID at 41-44.

argument finding that she failed to provide any credible evidence supporting her assertion. ID at 35, 37-38. Regarding the appellant's assertion that she was denied government equipment to perform her job duties during the pandemic, PFR File, Tab 1 at 5, the administrative judge acknowledged that the appellant had computer issues and access issues as a result of the pandemic that prevented her from performing some job duties, but found that the appellant failed to offer any explanation concerning her failure to perform the same tasks in the year prior to the pandemic, ID at 37. Regarding the appellant's assertion that she was required to take classes that were not required for the contracting specialty, PFR File, Tab 1 at 12, the administrative judge credited testimony of the appellant's supervisor that the human trafficking course was required for the appellant as well as a broad range of contracting professionals at her level, ID at 36. Finally, to the extent the appellant asserts that her supervisor was not qualified to hold a supervisory contracting position, and thus, his actions against her were "null and void," PFR File, Tab 1 at 6, the administrative judge found that the appellant grossly misrepresented her supervisor's position and that, although her supervisor was not a warranted contract officer, he had extensive experience with the agency's contracting process and knowledge of the relevant regulations, ID at 34. Regardless, the administrative judge also found that there was nothing improper about the decision to require the appellant to obtain her warrant or to assign her to be the project manager and contracting officer's representative over certain contracts. ID at 26, 37. Accordingly, the appellant's assertions on review, which were raised below and properly addressed by the administrative judge, do not provide a basis for reversal of the initial decision. *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

With her petition, the appellant submitted hundreds of documents and emails, some of which were part of the record below. PFR File, Tab 1 at 15-166. We have not considered such documents because, despite her conclusory assertion, the appellant has not shown that they are new and material. PFR File,

Tab 1 at 2; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Evidence that is already a part of the record is not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The remaining documents largely predate the close of the record below, and the appellant has not shown that the information contained in such documents was unavailable before the record closed despite her due diligence. *See, e.g.*, *McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 14 (2007). Moreover, the appellant has not shown that the documents are material because she has not explained their relevance or how they establish any errors in the initial decision. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (recognizing that it is not the Board's obligation to pore through the record to construe and make sense of allegations set forth at various parts of a voluminous case file; an appellant is required to articulate claims with reasonable clarity and precision or risks being found to have failed to meet her burden). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we deny the petition for review and affirm the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.